GEORGIA NORTHERN RAILWAY COMPANY *v.* TIFTON, THOMAS-VILLE AND GULF RAILWAY COMPANY.

COBB, J. 1. Though a judge, after setting a day for an interlocutory hearing upon an application for an injunction, had not, before the arrival of that day, any power to change the time of the hearing to a later day without the consent of all the parties at interest, yet where, acting upon the consent of some of the attorneys representing both sides, he signed an order postponing the hearing, upon the validity of which counsel for

the defendant in good faith relied and acted, it was not proper for the judge, upon learning that other attorneys of the plaintiffs had not agreed to this order, to revoke the same and direct that the hearing take place upon a day so much earlier than that named in the order of postponement that the defendant's attorneys did not have fair and reasonable time and opportunity for preparing their defense. Accordingly , when the day so appointed for the hearing arrived, and these attorneys showed that they were not ready, and that their failure to be prepared for the hearing was due to the fact that they had by the action of the judge and of opposing counsel been misled into believing that the hearing would be postponed as originally agreed upon, and in consequence had gone to meet other and pressing engagements, it was erroneous to overrule their motion for a postponement, made for the purpose of obtaining the proper time for preparation ; the more especially when the case was one of considerable importance, involving complicated facts and intricate legal questions.

2. Inasmuch as the court erred in overruling the motion to postpone, the subsequent proceedings were irregular, and the judgment excepted to was nugatory.

3. It follows from the foregoing, that the order to which exception is taken, striking a portion of the defendant's answer, should be rescinded, and that another day for the hearing should be appointed, with opportunity to both sides to perfect their pleadings and procure and present evidence.

*Judgment reversed. All the Justices concurring, except Fish, J., who was disqualified.*

Argued June 12, — Decided June 14, 1899.

Injunction. Before Judge Spence. Brooks county. April 14, 1899.

*J. W. Walters* and *W. S. Humphreys*, for plaintiff in error.

*Hansell & Merrill, Hill, Harris & Birch*, and *Payne & Tye*, contra.